## Kaiser *versus* Weise.

1. The frontage rule of valuation, whereby the cost of the grading of streets or other municipal improvements is assessed upon the property abutting upon said street, in proportion to the number of feet the property fronts thereon, is inapplicable to lands in rural districts, like those along Hazelwood Avenue, in the city of Pittsburgh.

2. Seely *v.* City of Pittsburgh, 1 Norris 360, followed.

3. The six months within which under the provisions of the Act of January 6th 1864, the lien for unpaid assessments must be filed, commence to run from the time the work is completed, and not from the time when approved by councils.

October 30th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county* : Of October and November Term 1877, No. 190.

*Scire facias sur mortgage* issued by John Weise against John Kaiser.

In September 1873, Weise conveyed to Kaiser about three acres

[Kaiser v. Weise.]

of land in the Twenty-third ward, Pittsburgh. For a portion of the purchase-money Kaiser gave his mortgage on the premises for $1700, payable in two equal annual instalments, with interest. The first instalment was paid when due, but payment of the last was refused, and this writ of scire facias issued.

At the trial Kaiser defended on the ground that he had paid a municipal claim for grading Hazelwood avenue, amounting to $906.93; that the work on said avenue was commenced November 13th 1872; that the lien of the assessment attached at that date, and that he was entitled to set off the amount of said lien as against plaintiff's claim on the mortgage.

The street was graded under the provisions of the Act of January 6th 1864, Pamph. L. 1135, and the assessment of the cost was by an equal sum per foot front of the property abutting thereon. The grading of the avenue was completed December 2d 1874. The assessment was paid June 3d 1875. The plaintiff below claimed that the lien had expired at the time of payment, and the defendant was, therefore, not entitled to a set off. Hazlewood avenue, on which the property covered by the mortgage has a frontage of over five hundred feet, throughout nearly its whole length, passes through rural property.

The plaintiff contended that, under these circumstances, the assessment was illegal and invalid; that if Kaiser had objected to its payment, the city could not have recovered, and that he was, therefore, not entitled to a credit for the amount. The court below sustained this view and ordered a verdict for plaintiff, which was the error assigned by defendant, who took this writ.

*Robb & Fitzsimmons*, for plaintiff in error.—We contend that the rules regulating the liability of property for the grading of an avenue differ essentially from that of paving a street or avenue. The grading of a street is a necessity, in order that the owners of property can have ingress and egress to and from the same, but the paving of a street is as a general rule a matter of convenience. Seely v. The City of Pittsburgh, 1 Norris 360, ruled upon by the court below, differs from this case. That case arose upon a paving lien on an avenue extending through property of different kinds on a great highway of the city. Here, however, the use of Hazelwood avenue is restricted to the limited number who live contiguous thereto, and who alone derive benefit therefrom, and owing to the character and extent of their property in almost equal proportions.

It would be unjust to impose the expense of grading such an avenue upon the public at large. Under the provisions of the Act of 1864, "The assessments authorized by this act shall be liens upon the properties assessed, from the commencement of the improvements for which they were made, and shall, if filed

within six months after the completion of the said improvement, continue liens for five years.'' The work was approved and the contract taken off the hands of the contractor on December 3d 1874, by the street committee. Kaiser paid the assessments on June 3d 1875, having been told by the city attorney that if the assessments were not paid on that day a lien would be filed.

Defendant in error contended that the court below also held, that from the fact that the contractor actually stopped work on December 2d 1874, although the work on the avenue was not approved nor the contract taken off the hands of the contractor by the regular committee of councils until the next day, December 3d 1874, that the payment of the assessments for said grading was not within the statutory period of six months; that the assessments were not a lien upon the property of John Kaiser, on the day the same were paid by Kaiser, and that the said payment cannot be set up as a defence to the plaintiff's claim in this case. We submit that the completion of the improvement under this act means the time when the work was approved, and the contract taken off the hands of the contractor by the street committee.

_Rodgers & Oliver_ and _J. H. Callahan_, for defendant in error.— Under the decision of this court in Seely _v_. The City of Pittsburgh, _supra_, this assessment is clearly illegal. The improvement was _completed_ on the 2d of December 1874. The assessment was not paid until June 3d 1875. The lien had expired.

If the improvement is not completed until the work is accepted by councils, it would be in the power of councils to indefinitely extend the time for filing the lien.

By the very terms of the act a secret lien is allowed to exist against the property during the entire continuance of the work and for six months after its completion. Such liens are justly looked upon with disfavor by the courts, and the statute authorizing them should be rigidly construed. The right to extend them a day beyond the completion of the work involves the right to extend them indefinitely.

In this case the secret lien had been running since November 1872—nearly three years. Public policy, as well as private rights, would seem to demand that it terminate at the earliest possible moment.

The judgment of the Supreme Court was entered, November 7th 1877,

PER CURIAM.—This case falls directly within the ruling in the case of Seely _v_. City of Pittsburgh, 1 Norris 360, that the per foot front rule of assessment is inapplicable to lands such as those along Hazelwood avenue.

The payment by Kaiser of the assessment of $906.93 was volun-

[Kaiser *v.* Weise.]

tary, the lien upon the premises, even if rightly assessed, having expired at the time of payment.

On both grounds the court below was right.

Judgment affirmed.